UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


**MAHESH RAMCHANNDANI,**

        **Plaintiff,**

**v.**                                  **Case No:  6:18-cv-1647-Orl-41DCI**

**SUNIL GAHDHI, CHIRAG
KABRAWALA and NIKESH SHAH,**

        **Defendants.**

                                /

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss ("Motion," Doc. 11). On May 21, 2019, United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("R&R," Doc. 35), in which is recommends that the Motion be granted in part and that Plaintiff's Amended Complaint (Doc. 5) be dismissed with prejudice. In the R&R, Judge Irick notes that this is Plaintiff's second time bringing a case surrounding the facts at issue here. (Doc. 35 at 4). The first case was dismissed without prejudice after Plaintiff failed multiple times to sufficiently state a claim and to adequately allege subject matter jurisdiction. (*Id.* at 3). Here, Judge Irick concluded that the Amended Complaint should be dismissed as a shotgun pleading and because Plaintiff again failed to state any cognizable claim. (*Id.* at 9–11). Judge Irick reasoned that Plaintiff has been given several opportunities to file a complaint that complies with Federal Rules of Civil Procedure 8 and 10 and that granting leave to amend would be futile. (*Id.* at 12). Regarding the portion of the Motion requesting fees and costs, Judge Irick concludes that it should be denied. (*Id.* at 6).

Plaintiff filed an Objection to the Report and Recommendation (Doc. 42). The Objection does not address the legal analysis in the R&R. Instead, it discusses what Plaintiff claims to be the "central issue and ultimate question of fact"—a breach of a lease agreement. (Doc. 42 at 2). However, there is no claim for breach within the Amended Complaint. Plaintiff also gives a list of facts, many of which are not alleged in the Complaint, and asks the Court rhetorical questions. An Objection to an R&R is not the place to assert new factual allegations. (*See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that the district court need not consider new arguments raised in an objection to a report and recommendation that were not before the Magistrate Judge). Lastly, Plaintiff asserts that Judge Irick applied the wrong standard to the review of the case and requests that the Court grant him summary judgment. (*Id.* at 6–7). As stated above, this matter is not before the Court on a motion for summary judgment.

Judge Irick did a full and thorough analysis of Plaintiff's claims and of Plaintiff's repeated failure to adequately allege subject matter jurisdiction and to state a claim upon which relief can be granted. Judge Irick concluded that he still has not done so. After a *de novo* review of the record, the Court agrees entirely with the analysis in the R&R.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 35) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Motion to Dismiss (Doc. 11) is **GRANTED in part** and **DENIED in part**.

    a. The Amended Complaint (Doc. 5) is **DISMISSED with prejudice**.

    b. The Motion to Dismiss is **DENIED** in all other respects.

3. All pending motions are **DENIED as moot.**

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party